United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARMEN GUZMAN,

          Plaintiff,

    v.

MADISON VINEYARD HOLDINGS, LLC,

          Defendant.

Case No.  16-cv-00404-JST

**SCHEDULING ORDER**

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil

Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings | June 1, 2016 |
| Fact discovery cut-off | December 23, 2016 |
| Expert disclosures | January 20, 2017 |
| Expert rebuttal | February 10, 2017 |
| Expert discovery cut-off | March 17, 2017 |
| Deadline to file dispositive motions | March 17, 2017 |
| Pretrial conference statement due | May 30, 2017 |
| Pretrial conference | June 9, 2017 at 2:00 p.m. |
| Trial | July 10, 2017 at 8:30 a.m. |

United States District Court
Northern District of California

| Event | Deadline |
|---|---|
| Estimate of trial length (in days) | Eight |

This case will be tried to a jury.

Counsel may not modify these dates without leave of court.  The parties shall comply with the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

Unless the Court orders otherwise, all filing and service deadlines occur at 5:00 p.m. on the stated date.

At the parties' request, the Court will refer them to the Court's mediation program, and order them to complete mediation within 90 days of the date of this order.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates.  All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm.  Requests for continuance are disfavored.  The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance.  The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

IT IS SO ORDERED.

Dated:  May 4, 2016



JON S. TIGAR
United States District Judge

2